OPINION of the Court, by
Ch. J. Boyie.
.Thi» was an ejectment, on the trial of which the defendant having produced in evidence a deed for the land in dispute from the lessor of the plaintiff to Alfred Williams, the plaintiff by his counsel moved the court to instruct the jury that the said deed was too defective to pass the title to the land therein described to the bargainee; and the court so instructed the jury, observing that the deed was defective in not reciting on what consideration the same had been executed, or if there were any consideration it was not sufficient to render it a legal and valid conveyance.
The only question now to, he decided is, whether thi» instruction is correct or not ?
The deed, after reciting the day and year on which it’ was made,'and the names of the parties, states, “ tha^ the said Warnack hath bargained and sold to the said, Williams a certain tract of land lying in Greenup county, on Little Sandy river 5 which said tract of land he the said Warnack pays said Williams as locator, and hereby conveys,” &c.
The consideration, as here stated, is certainly expressed in a very unusual and informal manner. It is nevertheless sufficiently expressed to be clearly intelli *235 gible ; and that is all the law requires. No one who reads the deed can fail to perceive that it was the intention of the parties to make the conveyance in consideration of services rendered to the bargainor by the bar-gainee as locator. Had their intention indeed been expressed in totidem verbis, it would not have been more obviously or satisfactorily evinced. That such services constitute what is deemed in law a valuable consideration, there can be no doubt; and a valuable consideration, though not a money one, is, we apprehend, sufficient to support a deed of bargain and sale. Past services, indeed, rendered not at the instance of the bargain- or, but as a mere voluntary courtesy, would not perhaps be sufficient to support a bargain and sale, as it certainly would not to support an assumpsit. But the language in which the consideration is stated, negatives the idea that the services rendered by the bargainee in this case were of that character. The expression “ which said tract of land the said Warnack pays to said Williams as locator,” strongly implies that the bargainor was under a legal obligation to remunerate the bargainee for his services $ and in fact the very nature of the services, being commonly the subject of contract and of remuneration in this country, repels any presumption of their having been performed as a voluntary gratuity.
The deed then having stated a consideration in terms sufficiently explicit to be intelligible, and that consideration being in its nature a valuable one, and ¿consequently sufficient to support a deed of bargain and sale, we feel ourselves bound to conclude that the instruction given by the Court below to the jury was incorrect,
Judgment reversed with costs, and the cause retaatld-ed that a new trial be had not inconsisteiit with this opinion.