Opinion of the Court, by
Cu. J. Boyle.
TIÍIS-was an action-of ejectment. Young, tlieles-sor of the plainlitf, on the trial in the circuit- court, produced in evidence a patent from the Commonwealth* to Peter Ringo, and a deed of'conveyance for the land- in controversy from Peter Ringo to. himself, bearing date the 18 th-of December, 1820, whereby the said'Ringo, in consideration of one dollar, conveyed to Young “ a’A his right, title and' interest, in and to all his lands in the State of Kentucky, except such parts as he,, the said Ringo, hath heretofore conveyed.”
The defendants, Major and Joseph Ringo, produced in evidence an instrument bearing'date the 23d of November, 1819, made between them of- the-one- part, and Peter Ringo of the-other-part, whereby the latter, after reciting his- disqua-lification-by age and- infirmity, from attending to the usual business of his farm, “-authorized and- empowered the said Major and Joseph Ringo, to lease the same to any person or persons, for- a term not exceeding two-years, at- the'best price-which-can be obtained for the same; and-the said Peter Ringo,.in consideration of'the services which the said Major- and-Joseph Ringo may render in transacting any business which may be necessary in the premises, doth' hereby give, grant and convey, unto the said.Major and Joseph Ringo and their heirs, jointly, the whole of the tract or parcel of land on which the said Peter now resides,” (being the land in controversy,) and1 the. said Major and Joseph, on-theirpart, covenanted-, insubstance, to take charge of the business, and that they and-the-sarviver of them, and their executors or administrators,, would - annually account to said Peter, during his life, for-all money received for the rent of said farm; and in considera-, tionofsaid transfer of land* they did “thereby, for themselves andv t-heir heirs, forever release and quitclaim to any other part of the estate of said Peter Rim go, in case he should die intestate.”
This instrument was signed and sealed by the parties.'respectively, and was acknowledged by them in the clerk’s office of the county courtof Montgomery, where, the land lies, on the day of its date, and duly recorded!-,.
(l) A. deed oí c°'weyan6e, edandre-corded according to evidence. without fur-^execution
(2) The lcs-Il.avin-5 denoe a deed conveying t<4 him all the ¡.rantor in'6 Kentucky, not bci|ore prioIYonvey-from tim perron's °ontrovers ia the defen-<lant, may be biBl-
pj phe words “give, a",d ^ compro-™ hensive as t]catl convey the iegaUitle.-
To the reading of this instrument in evidence, the lesSer of the plaintiff objected; but the court overruled the objection and admitted it as evidence,to. which he excepted. The defendants then produced and read in evidence, a lease from themselves to Peter Ringo, éf the farm aforesaid, for two years, and proved that Peter Ringo had leased the same for one year, to the tenants in possession, for whom the defendants were admitted to defend.
On this evidence, the court, at the instante of the defendants, instructed the jury that the lessor of the-plaintiff could not recover in this suit, to which he also excepted; and a verdict and judgment being rendered against him, he has brought the case to this court by wnt of error.
(1) The only points which arise in the case are, 1st-, as to the propriety of admitting as evidence, the instrument objected to by tile lessor of the plaintiff; and 2d, as t© the instructions given by the court to the jury, And -both these points depend essentially upon the ef-feet' of that instrument; for if it operates as a convey-anee of the legal title from Peter Ringo to the defendants, it is clear that the law required it to be recorded, and having been recorded on the acknowledgment tne parties thereto, in the proper ofhee, it-was, of course, admissible evidence, without farther proof of its execution.
(2) And upon the same hypothesis, it is equally, clear, that the instructions given to the jury were correct; for if the instrument in question operates as a conveyance of the legal title to the defendants, as it is prior in date to the deed under which the lessor of the plaintiff rives title, and as the latter only purports lo be a veyance ofsuch lands as had not been before conveyed by Peter Ringo, the grantor in both instruments, the clusion is inevitable, that the lessor of the plaintiff cannot have the legal title of the land in controversy, of course, cannot recover.
(3) That the instrument in question must have theef-.feet of conveying-the legal title, cannot, we think, mit of a reasonable doubt. It is not, indeed, drawn with technical skill, nor clothed in all the formalities which unartful scrivener would have bestowed upon it: b151 the intention of the parties to convey the legal title, is obvious, and the words used are not and sufficient in *32 law for that purpose. The words employed, “give, £rant anc* convey,” are as comprehensive as any which could have been employed, and are as efficient in law to transfer the title.
[4] A covenant to perform personal services for the grantor, is a valuable consideration, and sufficient to support a deed of bargain and sale.
Bibb, for plaintiff; Tripled and Crittenden, for defendants.
(4) The objection, however, to the inptrumciM, is taken not only to the granting words used, but to the. consideration expressed. But surely it cannot admit of a doubt, that the services to be rendered by the defendants, in the business undertaken by them to be transacted for the grantor, constitute a valuable consideration; and such a consideration, (hough not a money one, is sufficient to support a deed of conveyance, as was decided in the case of Hame vs. Warnack, 4 Bibb 234.
The judgment must, therefore, be affirmed with costs.